IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

BOBBI S.,

        **Plaintiff,**                                  2:23-CV-00563

vs.

KILOLO KIJAKAZI, ACTING
COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION,

        **Defendant.**

### MEMORANDUM OPINION AND ORDER

Pending before the Court is the ***Plaintiff's Combined Motion & Brief for Attorney's Fees Pursuant to the Equal Access to Justice Act*** (hereinafter "EAJA"), 28 U.S.C. § 2412(d), filed on March 12, 2024, in which the Plaintiff seeks EAJA attorney fees in the amount of $7,260.00 (representing 33.0 hours x $220.00 hourly rate). (ECF No. 14) On March 25, 2024, the Defendant (hereinafter "Commissioner") filed an ***Opposition to Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act*** (ECF No. 16), to which the Plaintiff filed an ***EAJA Reply Brief*** on March 27, 2024 (ECF No. 17). For the reasons set forth *infra*, the Court **GRANTS** the Plaintiff's ***Motion***:

The EAJA allows a civil litigant who prevails against the United States to recover attorney's fees "unless the Court finds that the position of the United States was substantially justified" or "special circumstances make the award unjust." 28 U.S.C. § 2412(d)(1)(A). The fees awarded by the Court must be reasonable. 28 U.S.C. § 2412(b). To receive attorney's fees, the prevailing party submits a fee application with an itemized statement from the party's attorney setting forth the actual time expended and the rate at which fees and other expenses were

1

computed. 28 U.S.C. § 2412(d)(1)(B). "Once the district court determines that a plaintiff has met the threshold conditions for an award of fees and costs under the EAJA, the district court must undertake the 'task of determining what fee is reasonable.' " Mahnken v. Comm'r of Soc. Sec., 2023 WL 4750125, at *1 (W.D.N.C. Jul. 25, 2023) (quoting Hyatt v. Barnhart, 315 F.3d 239, 253 (4th Cir. 2002)). As a prevailing party, Plaintiff "bears the burden of establishing that the number of hours for which she seeks reimbursement is reasonable and does not include any claim for hours which are excessive, redundant, or otherwise unnecessary." Dixon v. Astrue, 2008 WL 360989, *3 (E.D.N.C. Feb. 8, 2008). The Court has substantial discretion in fixing the amount of an EAJA award, but must ensure that the award is reasonable. Hyatt v. N.C. Dept. of Human Res., 315 F.3d 239, 254 (4th Cir. 2002).

  The court starts with "a lodestar figure," which is determined by multiplying the number of reasonable hours expended times a reasonable rate." Robinson v. Equifax Information Services, LLC, 560 F.3d 235, 243 (4th Cir. 2009) (citing Grissom v. The Mills Corp., 549 F.3d 313, 320 (4th Cir. 2008)). The court does not include hours expended that are "excessive, redundant or otherwise unnecessary" because those hours are not considered "reasonable." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). When determining the lodestar amount, the court considers various factors, including (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney

2

and client; and (12) attorneys' fees awards in similar cases. Robinson, 560 F.3d at 243-244 (citing Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974)). The lodestar figure may be "adjusted upward or downward" based on these twelve factors, as well as other considerations of the court. Project Vote/Voting for Am., Inc. v. Long, 887 F. Supp. 2d 704, 709 (E.D. Va. 2012). The burden of establishing a reasonable rate and demonstrating that a reasonable number of hours were expended rests with the party seeking attorneys' fees. McGee v. Cole, 115 F. Supp. 3d. 765, 771 (S.D.W. Va. 2015) (citing Hensley, 461 U.S. at 433).

The Commissioner does not dispute that the Plaintiff is entitled to attorney's fees under the EAJA. (ECF No. 16 at 1) Moreover, the Commissioner does not object to the hourly rate of $220 for attorneys (Id. at 5), and similar rates were recently found to be acceptable in this circuit.[1] See, e.g., Martin v. Kijakazi, No. 1:22-CV-848, 2023 WL 5921364, at *3 (E.D. Va. Aug. 31, 2023). However, the Commissioner contends that the total amount of the fees requested is excessive. In support of his position, the Commissioner argues that the fees sought are nearly $1,450.00 more than the average EAJA fee awarded within this District in fiscal year 2023 despite the fact that the case was resolved after the Plaintiff's initial brief, with commonly litigated issues, and the Plaintiff's counsel is an experienced litigator. (Id. at 1-2) Furthermore, the Commissioner contends the Plaintiff fee request includes improper block billing, a significant amount of time to review the administrative transcript, and also seeks reimbursement for clerical and other non-compensable work. (Id. at 2) The Commissioner also points out that counsel has litigated the issues raised in the Plaintiff's brief before this Court; the Commissioner asserts that counsel's claim to have spent

---

[1] The spectrum of reasonable attorney fees in this community have ranged from $150 to $550 per hour. See *Cnty. Comm'n of Fayette Cnty. Ex rel. Ciliberti v. Gadsen*, No. 2:22-cv-00449, 2023 WL 416198 (S.D.W. Va. Jan. 25, 2023)(Berger, J.). Mr. Gilliken's $220.00 hourly rate is certainly within the spectrum of reasonable attorney fees in this District, if not at the lower end.

3

over eighteen hours reviewing a record to challenge the ALJ's decision but does not discuss the medical record is excessive. (Id. at 9-12)

In short, the Commissioner asks this Court to reduce the Plaintiff's EAJA fee award to $5,500.00 (which reflects a reduction of eight hours) based on these particular circumstances and pertinent legal authority. (Id. at 13)

In response, the Plaintiff points out that the Commissioner only challenges the time expended herein was excessive, and therefore has waived any argument or defenses beyond this lone point of contention. (ECF No. 17 at 1) The Plaintiff asserts that the Commissioner's challenge to the amount of time expended by counsel is without merit: numerous courts nationwide have found expending 40 hours winning a disability appeal is reasonable – and the Plaintiff seeks considerably less than 40 hours (the Plaintiff only seeks EAJA compensation for 33.0 of 37.1 hours actually expended in winning this appeal. (Id. at 2, 5) Further, the Plaintiff argues that the transcript in this case was sizeable, nearly 1,800 pages, of which 1,440 concerns medical evidence alone – the Plaintiff points out that his federal court counsel did not represent the claimant at the administrative level and had to spend significant time to review the transcript and draft a brief that the Commissioner did not even defend against. (Id. at 3-4)

Additionally, counsel had to thoroughly review the record to consider all potential issues before determining which challenges to present to this Court; the Plaintiff asserts that courts generally defer to the winning lawyer's professional judgment in terms of the hours claimed. (Id. at 4-5) The fact that the Commissioner elected not to defend against counsel's initial brief underscores that counsel focused on the most compelling issues in this appeal, and such considerations taken by attorneys should be encouraged, not punished. (Id. at 5)

The Plaintiff asserts the Commissioner's issue with alleged block billing lacks merit because counsel has routinely submitted numerous similar EAJA time statements within and without this District without any objection from the Agency; additionally, the detailed billing entries show a very specific correlation between the various activities listed, the time spent completing same, and the work produced. (Id. at 6-7) Counsel states that he does not enjoy litigating EAJA fees, but because of the Agency's extreme position taken in this case, and since litigating EAJA fees are also compensable, counsel seeks an overall award of $7,744.00, representing 35.2 hours, an increase of 2.2 hours for drafting the EAJA reply brief. (Id. at 7-8)

The undersigned **FINDS** that the Plaintiff's EAJA fee request is generally reasonable, though after having conducted a meticulous review of the itemized time record submitted by the Plaintiff, the transcript and the briefing, the Court agrees with the Commissioner that there are some time entries that are not reimbursable because they are duplicative, largely clerical, or are excessive for the task described in the entry. See, e.g., McKinney v. Kijakazi, 2022 WL 17342880, at *1 (W.D.N.C. Nov. 30, 2022) ("[C]lerical tasks are not compensable."). In at least one district in this circuit, clerical tasks include: (1) collating and filing documents with the court; (2) issuing summonses; (3) scanning, and mailing documents; (4) reviewing files for information; (5) printing pleadings and preparing sets of orders; (6) document organization; (7) creating notebooks or files and updating attorneys' calendars; (8) assembling binders; (9) emailing documents; and (10) logistical telephone calls with the clerk's office or the judge's chambers. Jermaine G. v. Kijakazi, 2023 WL 5346140, at *5 (D. Md. Aug. 21, 2023). While substantive discussions with clients are reimbursable, preparing and receiving documents related to the representation of a client and updating a client on the status of his case are not reimbursable activities. Fryar v. Saul, 2021 WL 769664, at *3 (E.D.N.C. Feb. 26, 2021).

The Commissioner identifies several entries within the Plaintiff's Statement of Attorney Time Expended (ECF No. 14-2) that are clerical tasks and therefore non-compensable: (1) on August 14, 2023, tasks included "open FDC file, prep case initiating docs"; (2) on August 28, 2023, tasks included "Confirm filing of complaint, read and review all docket entries, inform cl of status"; (3) on November 16, 2023, tasks included "check docket and file [brief]"; and (4) on February 7, 2024, tasks included "Review FDC file for closure, prep EAJA, review docket". (ECF No. 16 at 6) The foregoing suggests these are indeed clerical tasks that are not compensable. While the Plaintiff has also stated that the total hours sought for EAJA compensation are just 33 hours, a voluntary reduction of EAJA hours of more than 10% (ECF No. 17 at 5), the undersigned observes that this is a difference of 4.1 hours (from the original 37.1 claimed hours expended on this case). This may indeed be a fair reduction, given that some of these entries included compensable EAJA work:[2]

1. the August 14, 2023 entry included other work "Read ALJ & related docs to determine appeal viability, confer w/cl, open FDC file, prep case initiating docs" for a total of 2.2 hours

2. the August 28, 2023 entry, described in its entirety, *supra*, concerned work for a total of 0.5 hours

3. the November 16, 2023 entry included other work "Complete opening brief with notes on reply strategy if needed, inform the client as to appeal status and SSA's deadline, answer client questions and check docket and file" for a total of 2.5 hours

---

[2] For example, the undersigned is unable to discern exactly what compensable attorney time was devoted to "Complete opening brief with notes on reply strategy if needed, inform the client as to appeal status and SSA's deadline, answer client questions and check docket and file" separately. See, e.g., Crystal M. v. O'Malley, No. 2:23-cv-00239, 2024 WL 474906, at *2 (S.D.W. Va. Feb. 7, 2024). It is noted that courts question whether it is compensable to review docket entries, as that should take only seconds as opposed to minutes. April J. v. Kijakazi, 2022 WL 4017381, at *2 (D. Md. Sep. 2, 2022)(internal citations omitted).

    4. the February 7, 2024 entry, also described in its entirety, *supra*, concerned work for a total of 2.0 hours

The undersigned would also include as non-compensable work the entry dated December 18, 2023: "Confirm order remanding and inform all" for a total of 0.3 hours. (ECF No. 14-2 at 2) The Order and Judgment Order remanding this matter were entered on December 13, 2023 (see ECF Nos. 12, 13) and electronically served upon all counsel of record, including the Plaintiff's counsel. Based upon the pertinent jurisprudence governing such activities, the undersigned finds this entry would also not be compensable. However, it is not known to a certainty that this entry was considered by the Plaintiff's counsel in his voluntary reduction of EAJA hours.

    As an additional matter, while the undersigned appreciates the Commissioner's concern over the Plaintiff's block billing, the undersigned agrees with the Plaintiff's counsel, that the Commissioner did not object to his similar EAJA billing statements in other cases before the undersigned, and were in fact stipulated to: see, e.g., *Clara E. v. Kijakazi*, No. 2:20-cv-00694, ECF No. 18-2); *Maggie H. v. Kijakazi*, No. 5:20-cv-00662, ECF No. 17-2. Those cases were remanded upon the Commissioner's unopposed motion, and resolved after the Plaintiff filed his initial brief. While the fees sought therein were not as high as those presented here ($6,100, and $6,500 plus $400 costs, respectively), the difference is not significant in the undersigned's view.[3]

    Finally, the Plaintiff's counsel seeks an additional fee in the amount of $484.00, which equates to 2.2 attorney hours for drafting the Reply brief – representing a voluntary reduction from 4.4 attorney hours spent in researching, outlining, drafting and editing. The undersigned notes this

---

[3] Another case before the undersigned that was resolved prior to full briefing of the issues by both parties, *Geraldine M. v. Kijakazi*, No. 2:20-cv-00791, did not include an itemized statement of fees, however, the parties simply submitted a stipulation for EAJA fees in the amount of $6,600.00 and $402.00 in costs. Again, the point being the fees requested here do not present as unreasonable given these previously stipulated fee amounts.

is just over seven pages in length, and responds to each of the Commissioner's arguments with additional cases cited in support of the Plaintiff's position. Again, the time and expense requested appears reasonable, and as noted by the Plaintiff's counsel, is compensable under the law. See, Fryar v. Saul, 2021 WL 769664, at *5 (E.D.N.C. Feb. 26, 2021)(awarding 2.7 attorney hours spent drafting the reply); Ellen C. v. Kijakazi, 2023 WL 4490457, at *3 (D. Md. Jul. 12, 2023)(awarding 6.75 attorney hours spent drafting and revising the reply); Jermaine G. v. Kijakazi, 2023 WL 5346140, at *7 (D. Md. Aug. 21, 2023)(awarding 4.75 attorney hours drafting the reply).

Accordingly, it is hereby **ORDERED** that the Plaintiff is awarded attorney's fees in accordance with 28 U.S.C. § 2412(d) in the amount of **Seven Thousand Seven Hundred Forty-Four Dollars and Zero Cents, ($7,744.00).** These attorney's fees shall be paid directly to the Plaintiff and delivered to the business address of the Plaintiff's counsel. Full or partial remittance of the awarded attorney's fees will be contingent upon a determination by the Commissioner that the Plaintiff owes no qualifying, pre-existing federal debt(s). If such debt(s) exists, the attorney's fees awarded in this Order shall be reduced to the extent necessary to satisfy such debt(s).

The Clerk is instructed to forward a copy of this Order to counsel of record.

ENTER: April 10, 2024.

_____
Omar J. Aboulhosn
United States Magistrate Judge